BENJAMIN B. WAGNER
United States Attorney
MARK J. McKEON
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 559-4000
Facsimile: (559) 559-4099

Attorneys for the
  United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:12-CR-00051-AWI |
| Plaintiff, | ORDER RE COMPETENCY TO STAND TRIAL |
| v. | |
| MARCO BARRAGAN FARIAS, | |
| Defendant. | |

This matter came on for hearing on September 24, 2012. The defendant appeared through counsel, Roger Litman. The United States appeared through Assistant United States Attorney Mark J. McKeon. I have reviewed and adopt the recommendations set forth in the forensic evaluation submitted to the Court on September 14, 2012, by the Mental Health Department, Federal Medical Center, Butner, North Carolina (FMC Butner).

**FINDINGS OF FACT**

At this hearing, the court made the following findings of fact:

1. With respect to the important governmental interest in

bringing an individual to trial accused of a serious crime, I find in this case that prior to any trial in this case, it is important that the defendant be adequately assessed and treated so that at some point in time, if he becomes competent to stand trial or proceed on this matter, we can proceed further. So there is an important governmental interest in making sure that this is done, which would override any desired need to bring Mr. Barragan Farias to trial sooner than the completion date of the assessment of four months.

2.   I find that forced medication in this case will significantly further the Government's interest by being substantially and likely to render the defendant competent to stand trial and substantially unlikely to have side effects, which would interfere significantly with his ability to assist counsel in conducting a defense.  And I adopt the analysis and the report that would justify that finding.

3.   In terms of a third prong, I find and conclude that involuntary medication is necessary to further the governmental interest set forth in the first and second prongs in *Sell v. United States*, 539 U.S. 166 (2003). I find that alternative less-intrusive treatments are unlikely to achieve substantially the same results, and, again, I have reviewed the extensive report in that regard submitted by the medical facility.

4.   Finally, I conclude that administering the drugs is medically appropriate. And, again, I have reviewed the extensive information provided the Court regarding this aspect.

5.   I agree with the medical provider's opinion that there is a substantial probability that Mr. Barragan Farias'

competency status can be restored with a period of treatment with antipsychotic medication, and I adopt their recommendation that I authorize the involuntary administration of antipsychotic medication as described in the proposed treatment plan.

THEREFORE, IT IS ORDERED THAT:

1. A full four-month period of restoration as outlined in Title 18, United States Code Section 4241(d), shall be imposed in this case after Mr. Barragan Farias has arrived at FMC Butner.
2. I specifically authorize the treatment staff at FMC Butner to involuntarily perform any physical and laboratory assessments and monitoring which are clinically indicated to monitor for medication side effects in the event Mr. Barragan Farias refuses to consent to any of these procedures. Those recommendations and opinions are set forth at page 30 of the report.
3. I further authorize ongoing involuntary treatment until the conclusion of all pretrial and trial proceedings.

A status hearing in this proceeding is set for February 25, 2013, at 10:00 a.m.

IT IS SO ORDERED.

Dated:   October 5, 2012            _____
                                    CHIEF UNITED STATES DISTRICT JUDGE

Order on Competency Hearing                   3